IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JONATHAN P. DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-00472-SRB |
| | ) | |
| RANDLES MATA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Randles Mata, LLC's ("Randles Mata") Motion for Judgment on the Pleadings and/or Motion to Dismiss Plaintiff's Complaint. (Doc. #9.) For the reasons set forth below, the motion is DENIED.

**I.  FACTUAL BACKGROUND**

The following allegations are taken from Plaintiff Jonathan P. Dean's ("Plaintiff") Complaint (Doc. #1) without further citation or attribution unless otherwise noted.[1]

This case involves allegations of legal malpractice. In March 2018, Plaintiff retained Randles Mata to represent him in a lawsuit ("underlying suit") against The Archdiocese of St. Louis ("Archdiocese"). The underlying suit involved sexual abuse allegations against an Archdiocese priest. In the underlying suit, Plaintiff was required to prove that he "psychologically repressed his memory" . . . to demonstrate the tolling of the statute of limitations pursuant to a Missouri Supreme Court case. (Doc. #1, p. 3.) Randles Mata disclosed two experts on this topic—one to testify to Plaintiff's memories specifically, and the other, more generally about repressed memories in victims of childhood sexual assault. However, Randles

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

Mata never scheduled the depositions for these experts. Eventually, the St. Louis Circuit Court struck the two experts in response to a motion from the Archdiocese.

Following this ruling, the Archdiocese filed for summary judgment and argued that Plaintiff did not retain an expert to testify to Plaintiff's repressed memory, and therefore, failed to meet the tolling requirement for the statute of limitations. Shortly after briefing on the summary judgment motion concluded, the parties participated in mediation on June 6, 2023. At that mediation, Plaintiff settled the underlying suit and that decision was "driven by his desire to mitigate his damages brought by [Randles Mata's] negligent representation of Plaintiff . . .," particularly the conduct around the memory experts. (Doc. #1, p. 4.)

On June 7, 2023, the St. Louis Circuit Court granted the Archdiocese's motion for summary judgment on the basis that Plaintiff had no expert testimony on the repressed memory allegation. Neither party informed that court that they had reached a settlement before the ruling.

On June 24, 2025, Plaintiff filed this suit against Randles Mata for one count of legal malpractice. Randles Mata now moves for judgment on the pleadings and/or to dismiss the complaint. Plaintiff opposes the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Rule 12(c) provides that a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The Court applies the same standard on a motion for judgment on the pleadings as it would on a Rule 12(b)(6) motion for failure to state a claim. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990) ("[W]e review this 12(c) motion under the standard that governs 12(b)(6) motions."). Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted).[2]

### III. DISCUSSION

Randles Mata argues that Plaintiff's legal malpractice claim fails for four reasons. The Court rejects each argument.

#### A. Settlement Agreement

First, Randles Mata argues that Plaintiff's legal malpractice claim cannot proceed because he settled the underlying case with the Archdiocese. The Court disagrees. As Plaintiff correctly points out, Missouri courts have allowed legal malpractice claims to proceed even after settlement. *See, e.g.*, *Williams v. Preman*, 911 S.W.2d 288, 297 (Mo. Ct. App. 1995), overruled on other grounds by *Klemme v. Best*, 941 S.W.2d 493 (Mo. 1997); *Collins v. Missouri Bar Plan*, 157 S.W.3d 726, 735 (Mo. Ct. App. 2005).

Further, to the extent that Randles Mata argues Plaintiff waived the right to sue for malpractice, the Court agrees with Plaintiff that nothing in the Complaint or pleadings suggests that he "voluntarily waived any claims for legal malpractice against [Randles Mata]" by entering into a settlement agreement with the Archdiocese. (Doc. #11, p. 4); *see* Mo. S. Ct. Rule 4-1.8(h)(1) ("A lawyer shall not make an agreement prospectively limiting the lawyer's liability to a client for malpractice.")

#### B. Whether Plaintiff Plead Sufficient Facts

Second, Randles Mata argues that "Plaintiff has not pleaded facts that amount to malpractice." (Doc. #9, p. 6.) Plaintiff responds that Randles Mata's "factual disagreements"

---

[2] As Randles Mata does not distinguish between any arguments that fall under judgment on the pleadings versus a motion to dismiss, and the legal standard is the same for both motions, the Court largely refers to Randles Mata's motion as seeking to "dismiss" the Complaint.

cannot be the basis for granting a motion to dismiss. (Doc. #11, p. 10.) The Court finds that Plaintiff has properly pled a legal malpractice claim.

Under Missouri law, a legal malpractice action requires: "(1) an attorney-client relationship; (2) negligence or breach of contract by the defendant; (3) proximate causation of plaintiff's damages; [and] (4) damages to the plaintiff." *Klemme*, 941 S.W.2d at 495. Further, to prove a legal malpractice case post-settlement, Plaintiff must show "that the settlement was necessary to mitigate the damages flowing from defendant's negligence." *Williams*, 911 S.W.2d at 296.

Here, Plaintiff has pled that he and Randles Mata were in an attorney-client relationship and that Randles Mata "was negligent and violated the standard of care applicable to all attorneys, [and] fail[ed] to exercise the skill and diligence ordinarily possessed by well-informed members of the legal profession[.]" (Doc. #1, p. 6.) Plaintiff then proceeds to list at least ten different ways that Randles Mata allegedly violated its duty of care, including that it "failed to properly retain necessary litigation experts" and "repeatedly and serially failed to meet court deadlines[.]" (Doc. #1, p. 6.) Randles Mata's many factual arguments as to why it was not negligent, including that experts were indeed deposed, are not for the Court to decide on a motion to dismiss.

Further, Plaintiff alleges that Randles Mata's actions were the proximate cause of his damages, including that he "would have been successful in the underlying litigation at trial and been awarded significant additional compensation[.]" (Doc. #1, p. 7.) While Randles Mata argues that experts "were [not] going to provide the evidence that [Plaintiff] repressed memory of the abuses[,]" again, these types of arguments address factual issues that are not appropriate for resolution on a motion to dismiss. (Doc. #9, p. 7.)

4

Finally, Plaintiff also alleges that settlement was necessary "in order to mitigate his damages from [Randles Mata's] negligence[.]" (Doc. #1, p. 5.) The Court finds the above allegations sufficient to state a legal malpractice claim.

### C. *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576 (Mo. 2006)

Third, Randles Mata argues that the St. Louis Circuit Court "erred in granting summary judgment as *Powel* does not require the kind of experts Judge Kerr required" and that "[e]rroneous rulings on Summary Judgment do[] not create legal malpractice." (Doc. #9, p. 8.) Plaintiff argues that "*Powel* requires plaintiffs in sexual assault cases to demonstrate repressed memory, and Missouri law requires plaintiffs to prove psychological/medical concepts with expert testimony." (Doc. #11, p. 9.)

The Court finds Randles Mata's argument unpersuasive. While it appears that Randles Mata is arguing that as a matter of law it was not negligent because the St. Louis Circuit Court relied on *Powel*, the Court disagrees. *Powel* sets out the standard for when the statute of limitations begins to toll due to repressed memory. It does not explicitly address the issue of whether an expert is required to testify to a plaintiff's repressed memory. Indeed, Plaintiff correctly points out that the plaintiff in *Powel* appeared to have expert testimony on his repressed memory. *See Powel*, 197 S.W.3d at 578 (plaintiff "argues that his affidavit and that of his expert along with other parts of the record support his claim that he repressed his memory of the sexual misconduct").

Further, the St. Louis Circuit Court did not solely rely on *Powel* for its determination that expert testimony was required for determining repressed memory.[3] That court discussed the

---

[3] "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and quotation omitted)).

5

technical diagnosis of "dissociative amnesia" under the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, and determined an expert was needed because "there are considerable questions and complexities about how any person creates a memory, suppresses traumatic memory and retrieves that memory[.]" (Doc. #11-1, p. 4.) As such, the Court cannot find that as a matter of law the St. Louis Circuit Court erred in granting summary judgment to the Archdiocese. Therefore, that court's reliance on *Powel* is not a basis to grant Randles Mata's motion to dismiss.

### D. Plaintiff's Damages

Finally, Randles Mata argues that "settling for $1,000,000.00 is reasonable and there is no damage from any of the alleged failures." (Doc. #9, p. 12.) Plaintiff argues that he instructed Randles Mata, "under no uncertain terms, to prepare his case for trial" and that "there is no reliable information of what a Missouri jury believes [clergy sex abuse] cases to be worth." (Doc. #11, p. 9.) "Whether [P]laintiff can present evidence to establish the amount of his damages is for a later time and is not examined at the motion to dismiss stage." *Brown v. Adtalem Glob. Educ., Inc.*, 421 F. Supp. 3d 825, 833 (W.D. Mo. 2019). Plaintiff properly pled that as a result of Randles Mata's negligent actions he suffered damages.

### IV. DISCUSSION

Therefore, for these reasons, and the additional reasons stated by Plaintiff, Randles Mata's Motion for Judgment on the Pleadings and/or to Dismiss Plaintiff's Complaint (Doc. #9) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 10, 2025