IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JONATHAN P. DEAN,  )
    Plaintiff,  )
    )
vs.  )    Case No. 4:25-cv-00472-SRB
    )
RANDLES MATA, LLC.,  )
    Defendant.  )

**ANSWER OF DEFENDANT RANDLES MATA, LLC**
**TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Randles Mata, LLC, by and through its counsel, and hereby provides its Answer to the allegations contained in Plaintiff's Complaint:

1. Defendant denies that any legal negligence was committed during the attorney-client relationship between Plaintiff Jonathan P. Dean and the law firm of Randles Mata, LLC. Defendant does not contest the remaining allegations of Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that as a limited liability company incorporated in the State of Missouri, it is a Missouri "citizen" for purposes of subject matter jurisdiction. Defendant admits, based upon information and belief only, that Plaintiff is a citizen of the State of Illinois, and therefore does not contest subject matter jurisdiction in this Court.

3. Because Defendant has its principal place of business in the State of Missouri, and is actively doing business in the State of Missouri, it does not contest *in personam* jurisdiction in this Court.

4. Defendant does not contest venue in this Court pursuant to 28 U.S.C. § 1391(b).

5. Defendant admits that Plaintiff's legal claim has been brought within the five-year period required by § 516.120 Mo. Rev. Stat.

1

## COUNT I: LEGAL NEGLIGENCE

6. Defendant incorporates herein the matters set forth in Paragraphs 1 – 5, above, as if set out verbatim herein.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that Exhibit A, which was attached to Plaintiff's Complaint, appears to be an accurate copy of Plaintiff's Amended Petition in the underlying state court lawsuit referenced in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that one element of Plaintiff's proof in the underlying state court case was proof that Plaintiff had repressed the memory of sexual abuse he had suffered as a child, which evidence would also be relevant to the issue of tolling the statute of limitations. Defendant further admits that it pleaded facts concerning repressed memory in childhood sexual assault cases in its pleadings in the underlying state court case.

12. Defendant admits that it retained and disclosed two expert witnesses to testify regarding the issue of repressed memory in Plaintiff's case.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Petition because they are an incomplete, inaccurate and misleading recitation of the facts regarding the issue of repressed memory in the case. Defendant admits that the Archdiocese of St. Louis filed a motion to strike Plaintiff's repressed memory experts, and the Court subsequently granted that motion.

14. Defendant admits that in the underlying state court case, the Archdiocese of St. Louis filed a motion for summary judgment on the grounds that Plaintiff's claim was not timely filed, in violation of the applicable statute of limitations.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies that it did not conduct discovery of the essential elements of Plaintiff's case, and further denies that it conducted such discovery only after the date when Plaintiff's response to the Archdiocese motion for summary judgment was due.

17. Defendant lacks sufficient information or knowledge to admit or deny Plaintiff's allegation concerning the specific date when briefing on the motion for summary judgment in the underlying case concluded, and therefore denies the allegations of Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits that a mediation of the underlying state court case was scheduled, and that such mediation took place on June 6, 2023.

19. Defendant admits that the Archdiocese of St. Louis' motion for summary judgment was still pending as of the time the mediation took place on June 6, 2023, and that Plaintiff agreed to a settlement of his claim against the Archdiocese on that date.

20. Defendant admits that Plaintiff participated in the mediation on June 6, 2023, and that he made a free, knowing and voluntary decision to compromise and settle his claim for damages against the Archdiocese of St. Louis for a sum agreed to by him. Defendant lacks sufficient information or knowledge regarding the truth of the remaining matters alleged in Paragraph 20 of Plaintiff's Petition regarding his unspoken motivation to settle the underlying lawsuit, and therefore denies those allegations. Defendant expressly denies that its representation of Plaintiff in the underlying lawsuit was negligent, and further denies that it failed to retain experts to testify about Plaintiff's repressed memory of the sexual abuse.

21. Defendant denies that its representation of Plaintiff in the underlying lawsuit was negligent, and further denies that Plaintiff's claims in the underlying lawsuit were damaged or made less valuable due to any negligence or fault on the part of Defendant.

22. Defendant denies that it committed any negligence, and further denies that anything Defendant did or failed to do made Plaintiff's claim "worse off" in the underlying litigation.

23. Defendant admits that the trial court in the underlying lawsuit granted the Archdiocese' motion for summary judgment on June 7, 2023, one day after the settlement was reached during mediation. Defendant denies the summary judgment was granted "with prejudice," since the trial court, at the request of all parties to the underlying case – including Plaintiff – vacated its ruling on the summary judgment shortly after entering it. The case was subsequently voluntarily dismissed by Plaintiff as a condition of the settlement he reached with the Archdiocese of St. Louis. Defendant also denies Plaintiff's characterization of the rationale for the trial court's decision in its vacated order.

24. Defendant admits that neither party to the underlying lawsuit had notified the trial court in the underlying case that the parties had reached a settlement of that lawsuit before the trial court handed down its ruling on summary judgment the very next day. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Petition not expressly admitted herein.

25. Defendant admits that it had a duty to comply with the standard of care applicable to attorneys, and further admits that it did so in all respects in the underlying lawsuit.

26. Defendant expressly denies each and every allegation contained in Paragraph 26 of Plaintiff's Complaint, including all of the matters alleged in subparagraphs (a) through (j) thereof.

4

27. Defendant denies that there was any breach of duty by Defendant, or that any such alleged breach of duty was the cause of Plaintiff's underlying lawsuit eventually being dismissed. Plaintiff's underlying lawsuit was dismissed voluntarily by Plaintiff, pursuant to the terms Plaintiff agreed to, after he requested the trial court to vacate its order granting summary judgment.

28. Defendant denies all of the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies all of the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendant admits that it received a fee for its services in the underlying case after the Plaintiff received a $1 million settlement of that matter, in accordance with the contractual agreement to which Plaintiff had voluntarily agreed before the commencement of the underlying lawsuit.

31. Defendant denies all of the allegations in Paragraph 31 of Plaintiff's Complaint.

## **FURTHER ANSWER**

For its further Answer to the allegations in Plaintiff's Complaint, Defendant Randles Mata, LLC, alleges and states as follows:

32. Plaintiff's Complaint, and each count, paragraph and subpart thereto, fails to state a claim upon which relief can be granted, and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

33. Plaintiff's Complaint, and each count, paragraph and subpart thereof, fails to state a claim for punitive damages.

34. Defendant expressly denies each and every allegation of negligence in Plaintiff's Complaint which has not been expressly admitted in this Answer.

35. Any injuries or damages suffered by Plaintiff Jonathan Dean were directly and proximately caused by the conduct of Father Gary Wolken and the Archdiocese of St. Louis, but not by any negligence on the part of this Defendant.

36. To the extent Plaintiff has already obtained a recovery from the Archdiocese of St. Louis and / or Father Gary Wolken, Plaintiff is entitled to a reduction of any award of damages Plaintiff might obtain against this Defendant in an amount equal to the stipulated amount of the settlement agreement between Plaintiff and the Archdiocese of St. Louis, or in the amount of consideration paid by the Archdiocese of St. Louis and / or Father Gary Wolken to Plaintiff for such agreement, whichever is greater, pursuant to § 537.060 Mo. Rev. Stat.

37. Defendant reserves the right to assert any further defenses as may become apparent during pre-trial discovery of this matter.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendant prays that Plaintiff take nothing from it through this Complaint, and that Defendant be discharged from this action, with prejudice, with an award of its court costs incurred herein and such other and further relief as the Court deems just and equitable.

Date: September 24, 2025	Respectfully Submitted

*[s] Timothy M. Aylward*_____
Timothy M. Aylward	# MO30274
Abigail C. Breckenridge	# MO75492
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
E-mail: taylward@hab-law.com
E-mail: abreckenridge@hab-law.com
Direct Phone (TMA): 816-595-7702
Direct Phone (ACB): 816-595-7710
Facsimile: 816-421-0899

**ATTORNEYS FOR DEFENDANT RANDLES MATA, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of September, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

Jonathan P. Dean
DEAN LAW LLC
3052 N. Christiana Ave.
Chicago, IL 60618
(312) 610-9903
Deanlawllc@gmail.com

**PLAINTIFF**

*Timothy M. Aylward*_____
Attorney