**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JONATHAN P. DEAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:25-CV-00472-SRB** |
| **v.** | ) | |
| | ) | |
| **RANDLES MATA, LLC,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER OF DEFENDANT RANDLES MATA, LLC**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Randles Mata, LLC, by and through its counsel, and hereby provides its Answer to the allegations contained in Plaintiff's First Amended Complaint:

1. Defendant denies that any legal negligence was committed during the attorney-client relationship between Plaintiff Jonathan P. Dean and the law firm of Randles Mata, LLC. Defendant does not contest the remaining allegations of Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that as a limited liability company incorporated in the State of Missouri, it is a Missouri "citizen" for purposes of subject matter jurisdiction. Defendant also admits, based upon information and belief, that Plaintiff is a citizen of the State of Illinois. Furthermore, Defendant admits, based upon information and belief, that Defendant Ken Chackes, LLC, is incorporated in the State of Missouri and is doing business in the City of St. Louis, Missouri, and therefore does not contest subject matter jurisdiction in this Court.

3. This Defendant does not contest *in personam* jurisdiction in this case.

4. Defendant does not contest venue in this Court pursuant to 28 U.S.C. § 1391(b).

1

5.     Defendant admits that Plaintiff's legal claim has been brought within the five-year period required by § 516.120 Mo. Rev. Stat.

## COUNT I: LEGAL NEGLIGENCE

6.     Defendant incorporates herein its answer to the matters set forth in Paragraphs 1 – 5, above, as if set out verbatim herein.

7.     This defendant admits, based upon information and belief, that Plaintiff spoke with Ken Chackes regarding a possible lawsuit against the Archdiocese of St. Louis.

8.     This defendant lacks personal knowledge concerning the matters alleged in Paragraph 8 of Plaintiff's First Amended Complaint, but admits, based upon information and belief, that Plaintiff had further or on-going communications with Mr. Chackes about proceeding with a lawsuit.

9.     This defendant lacks personal knowledge concerning the matters set forth in Paragraph 9 of Plaintiff's First Amended Complaint, but admits, based upon information and belief, that Plaintiff and Mr. Chackes had conversations about getting the law firm of Randles Mata, LLC, involved in Plaintiff's lawsuit.

10.     This Defendant admits that it was retained by Plaintiff to prosecute his lawsuit the Archdiocese of St. Louis.  However, this Defendant denies that a referral fee was paid to Ken Chackes or his professional corporation.

11.     Defendant admits that what is set forth in Paragraph 11 of Plaintiff's First Amended Complaint is a partial excerpt from the language of Missouri Rule of Professional Conduct 4-1.5(e)(1).  However, this Defendant denies that attorney Ken Chackes assumed joint responsibility with Rebecca Randles for the representation of Plaintiff in his lawsuit against the Archdiocese of St. Louis.

2

12.     This Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's First Amended Petition.

13.     This Defendant admits, based upon information and belief, that Plaintiff suffered serious and on-going injuries as a result of the abuse committed upon him by a priest under the supervision and control of the Archdiocese of St. Louis. However, to the extent Paragraph 13 of Plaintiff's First Amended Complaint implies or suggests that the phrase "these traumatic events" as used in Paragraph 13 refers to any action or omission by this Defendant in the course of representing Plaintiff in his lawsuit, any such allegation is expressly denied by this Defendant.

14.     This Defendant admits the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

15.     This Defendant admits the allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

16.     Defendant admits that one element of Plaintiff's proof in the underlying state court case was proof that Plaintiff had repressed the memory of sexual abuse he had suffered as a child, which evidence would also be relevant to the issue of tolling the applicable statute of limitations. Defendant further admits that it pleaded facts concerning Plaintiff's repressed memory of childhood sexual assault in its pleadings in the underlying state court case.

17.     Defendant admits that it retained and disclosed two expert witnesses to testify regarding the issue of repressed memory in victims of childhood sexual assault generally, and one of those experts was retained and designated to testify about repressed memories of sexual assault in Plaintiff's case specifically.

18.      This Defendant denies the allegations in Paragraph 18 of Plaintiff's First Amended Complaint because they are an incomplete, inaccurate and misleading recitation of the facts

regarding the issue of "repressed memory" in the case and the evidence of repressed memory in Plaintiff's experience. This Defendant retained, designated and produced for deposition an expert to testify about Plaintiff's repressed memories of the abuse by a Catholic priest employed and supervised by the Archdiocese of St. Louis. This Defendant admits that the Archdiocese of St. Louis filed a motion to strike Plaintiff's repressed memory experts, and that the Court subsequently granted that motion. This Defendant denies the remaining matters alleged in Paragraph 18 of Plaintiff's First Amended Complaint not expressly admitted herein.

19. Defendant admits that in the underlying state court case, the Archdiocese of St. Louis filed a motion for summary judgment on the grounds that Plaintiff's claim was not timely filed, in violation of the applicable statute of limitations, due to inadequate evidence of Plaintiff's repressed memories of the abusive events. This Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant lacks sufficient information or knowledge to admit or deny Plaintiff's allegation concerning the specific date when briefing on the motion for summary judgment in the underlying case concluded, and therefore denies the allegations of Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendant admits that a mediation of the underlying state court case was scheduled, and that such mediation took place on June 6, 2023.

4

24.     Defendant admits that the Archdiocese of St. Louis' motion for summary judgment was still pending at the time the parties voluntarily engaged in mediation of the case on June 6, 2023.

25.     This Defendant lacks sufficient information or knowledge regarding Plaintiff's alleged unspoken motivation for participating in the mediation of his lawsuit against the Archdiocese of St. Louis, and therefore denies the allegations set forth in Paragraph 25 of Plaintiff's First Amended Complaint.  However, this Defendant admits that Plaintiff actively and voluntarily participated in the mediation on June 6, 2023, and that he made a free, knowing and voluntary decision to accept the Archdiocese's settlement offer and compromise and settle his claim for damages against the Archdiocese of St. Louis for a sum agreed to by him.  This Defendant expressly denies all of the remaining matters alleged in Paragraph 25 of Plaintiff's First Amended Complaint which are not expressly admitted herein.

26.     This Defendant denies that its representation of Plaintiff in the underlying lawsuit was negligent, and further denies that Plaintiff's claims in the underlying lawsuit were damaged or made less valuable due to any negligence or fault on the part of Defendant.  Finally this Defendant denies that any loss in value of Plaintiff's claim was due to any act or omission on the part of this Defendant.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28.     This Defendant lacks sufficient information or knowledge concerning the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint, and therefore denies those allegations.  However, to the extent the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint are premised on the belief that Randles Mata, LLC, and attorney Ken

Chackes shared a fee in connection with the lawsuit against the Archdiocese, this Defendant expressly denies those allegations.

29.     Defendant admits that the trial court in the underlying lawsuit granted the Archdiocese's motion for summary judgment on June 7, 2023 – one day after the settlement was reached during mediation.  Defendant denies the summary judgment was granted "with prejudice," since the trial court, at the request of all parties to the underlying case – including Plaintiff – subsequently vacated its ruling on the summary judgment shortly after entering it.  The case was subsequently voluntarily dismissed by Plaintiff as a condition of the settlement he reached with the Archdiocese of St. Louis.

30.     Defendant admits that neither party to the underlying lawsuit had notified the trial court in the underlying case that the parties had reached a settlement of that lawsuit before the trial court handed down its ruling on the pending motion for summary judgment the very next day.  This Defendant denies the remaining allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31.     This Defendant admits that it had a duty to comply with the standard of care applicable to attorneys, and further admits that it did so in all respects in the underlying lawsuit. This Defendant denies the allegations in Paragraph 31 of Plaintiff's First Amended Complaint as they relate to co-defendant Chackes.

32.     Defendant expressly denies each and every allegation contained in Paragraph 32 of Plaintiff's First Amended Complaint, including all of the matters alleged in subparagraphs (a) through (j) thereof.

33.     Defendant denies that there was any breach of duty by Defendant, that any such alleged breach of duty was the cause of Plaintiff's underlying lawsuit eventually being dismissed,

and that any such alleged breach of duty was the proximate cause of any damages to Plaintiff. Plaintiff's underlying lawsuit was dismissed voluntarily by Plaintiff, pursuant to settlement terms Plaintiff agreed to, after he requested the trial court to vacate its order granting summary judgment so that the settlement could be consummated.

34.    This Defendant denies all of the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

35.    This Defendant denies all of the allegations in Paragraph 35 of Plaintiff's First Amended Complaint.

36.    This Defendant admits that it received a fee for its services in the underlying case after the Plaintiff received a $1 million settlement of that matter, in accordance with the contractual agreement to which Plaintiff had voluntarily agreed before the commencement of the underlying lawsuit.  This Defendant denies the allegation that "Defendants jointly took a fee."

37.    Defendant denies the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

## **FURTHER ANSWER**

For its further Answer to the allegations in Plaintiff's First Amended Complaint, Defendant Randles Mata, LLC, alleges and states as follows:

38.    Plaintiff's First Amended Complaint, and each count, paragraph and subpart thereto, fails to state a claim upon which relief can be granted against this defendant, and therefore Plaintiff's First Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

7

39.     Plaintiff's First Amended Complaint, and each count, paragraph and subpart thereof, fails to state a claim for punitive damages, and likewise fails to plead facts which conform to the standard of proof necessary to entitle Plaintiff to an award of punitive damages in this case.

40.     Defendant expressly denies each and every allegation in Plaintiff's First Amended Complaint, which has not been expressly admitted in this Answer.

41.     Any injuries or damages suffered by Plaintiff Jonathan Dean were directly and proximately caused by the conduct of Father Gary Wolken and the Archdiocese of St. Louis, but not by any negligence or fault on the part of this Defendant.

42.     To the extent Plaintiff has already obtained a recovery from the Archdiocese of St. Louis and/or Father Gary Wolken, Plaintiff is entitled to a reduction of any award of damages Plaintiff might obtain against this Defendant in an amount equal to the stipulated amount of the settlement agreement between Plaintiff and the Archdiocese of St. Louis, or in an amount equal to the consideration paid by the Archdiocese of St. Louis and/or Father Gary Wolken to Plaintiff for such agreement, whichever is greater, pursuant to § 537.060 Mo. Rev. Stat.

43.     Defendant reserves the right to assert any further defenses as may become apparent during the course of pre-trial discovery of this matter.

WHEREFORE, having fully answered the allegations of Plaintiff's First Amended Complaint, Defendant prays that Plaintiff take nothing from it through this Amended Complaint, and that Defendant be discharged from this action, with prejudice, with an award of its court costs incurred herein and such other and further relief as the Court deems just and equitable.

Date: November 11, 2025                    Respectfully Submitted,


                                            _/s/ Timothy M. Aylward_____
                                            Timothy M. Aylward          # MO30274
                                            Abigail C. Breckenridge     # MO75492
                                            Horn Aylward & Bandy, LLC
                                            2600 Grand Boulevard, Suite 1100
                                            Kansas City, Missouri 64108
                                            E-mail: taylward@hab-law.com
                                            E-mail: abreckenridge@hab-law.com
                                            Direct Phone (TMA):    816-595-7702
                                            Direct Phone (ACB):    816-595-7710
                                            Facsimile: 816-421-0899

                                            **ATTORNEYS FOR DEFENDANT**
                                            **RANDLES MATA, LLC**



                        **CERTIFICATE OF SERVICE**

        I hereby certify that on November 11, 2025, I electronically filed the foregoing with the
Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic
filing to all person registered for ECF as of that date.


                                            _/s/ Timothy M. Aylward_____