IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| JONATHAN P. DEAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:25-CV-00472-SRB |
| v. | ) | |
| | ) | |
| RANDLES MATA, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT RANDLES MATA, LLC**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant Randles Mata, LLC, by and through its counsel, and hereby provides its Answer to the allegations contained in Plaintiff's Second Amended Complaint:

1. Defendant denies that any legal negligence was committed during the attorney-client relationship between Plaintiff Jonathan P. Dean and the law firm of Randles Mata, LLC. Defendant does not contest the remaining allegations of Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that as a limited liability company incorporated in the State of Missouri, it is a Missouri "citizen" for purposes of subject matter jurisdiction. Defendant also admits, based upon information and belief, that Plaintiff is a citizen of the State of Illinois. Furthermore, Defendant admits, based upon information and belief, that Defendant Ken Chackes, LLC, is incorporated in the State of Missouri and is doing business in the City of St. Louis, Missouri, and therefore does not contest subject matter jurisdiction in this Court.

3. This Defendant does not contest *in personam* jurisdiction in this case.

4. Defendant does not contest venue in this Court pursuant to 28 U.S.C. § 1391(b).

1

5. Defendant admits that Plaintiff's legal claim has been brought within the five-year period required by § 516.120 Mo. Rev. Stat.

## COUNT I: LEGAL NEGLIGENCE

6. Defendant incorporates herein its answer to the matters set forth in Paragraphs 1 – 5, above, as if set out verbatim herein.

7. This defendant denies that Plaintiff retained Defendants to prosecute the Underlying Lawsuit against the Archdiocese of St. Louis. It was Defendant Randles Mata, LLC's understanding that Plaintiff was retaining only Randles Mata to prosecute his lawsuit against the Archdiocese of St. Louis..

8. This Defendant admits, based upon information and belief, that Plaintiff suffered serious and on-going injuries as a result of the abuse committed upon him by a priest in the Archdiocese of St. Louis. Defendant Randles Mata assumes, for the purpose of answering this allegation, that the phrase "these traumatic events" in Paragraph 8 of Plaintiff's Second Amended Petition refers to the conduct of Fr. Gary Wolken. However, to the extent Paragraph 8 of Plaintiff's Second Amended Complaint implies or suggests that the phrase "these traumatic events" in Paragraph 8 refers to any action or omission by this Defendant in the course of representing Plaintiff in his lawsuit, any such allegation is expressly denied by this Defendant.

9. This Defendant admits the allegations in Paragraph 9 of Plaintiff's Second Amended Complaint.

10. This Defendant admits the allegations in Paragraph 10 of Plaintiff's Second Amended Complaint.

11. This Defendant admits that one element of Plaintiff's proof in the underlying state court case was proof that Plaintiff had repressed the memory of sexual abuse he had suffered as a

child, which evidence would also be relevant to the issue of tolling the applicable statute of limitations. Defendant further admits that it pleaded facts concerning Plaintiff's repressed memory of childhood sexual assault in its pleadings in the underlying state court case.

12. This Defendant admits that it retained and disclosed two expert witnesses to testify regarding the issue of repressed memory in victims of childhood sexual assault generally. Defendant further admits that one of those designated expert witnesses was produced for his deposition testimony – twice – regarding Plaintiff's repressed memories of the sexual assaults in question.

13. This Defendant denies the allegations in Paragraph 13 of Plaintiff's Second Amended Complaint because they are an incomplete, inaccurate and misleading recitation of the facts regarding the issue of "repressed memory" in the case and the evidence of repressed memory in Plaintiff's experience. This Defendant retained, designated and produced for deposition an expert to testify about Plaintiff's repressed memories of the abuse by a Catholic priest employed and supervised by the Archdiocese of St. Louis. This Defendant admits that the Archdiocese of St. Louis filed a motion to strike Plaintiff's repressed memory experts, and that the Court subsequently granted that motion. This Defendant denies the remaining matters alleged in Paragraph 13 of Plaintiff's Second Amended Complaint not expressly admitted herein.

14. Defendant admits that in the underlying state court case, the Archdiocese of St. Louis filed a motion for summary judgment on the grounds that Plaintiff's claim was not timely filed, in violation of the applicable statute of limitations, due to inadequate evidence of Plaintiff's repressed memories of the abusive events. This Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendant lacks sufficient information or knowledge to admit or deny Plaintiff's allegation concerning the specific date when briefing on the motion for summary judgment in the underlying case concluded, and therefore denies the allegations of Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendant admits that a mediation of the underlying state court case was scheduled, and that such mediation took place on June 6, 2023.

19. Defendant admits that the Archdiocese of St. Louis' motion for summary judgment was still pending at the time the parties voluntarily engaged in mediation of the case on June 6, 2023.

20. This Defendant lacks sufficient information or knowledge regarding Plaintiff's alleged unspoken motivation for participating in the mediation of his lawsuit against the Archdiocese of St. Louis, and therefore denies the allegations set forth in Paragraph 20 of Plaintiff's Second Amended Complaint. However, this Defendant admits that Plaintiff actively and voluntarily participated in the mediation on June 6, 2023, and that he made a free, knowing and voluntary decision to accept the Archdiocese's settlement offer and compromised and settled his claim for damages against the Archdiocese of St. Louis for a sum agreed to by him. This Defendant expressly denies all of the remaining matters alleged in Paragraph 20 of Plaintiff's Second Amended Complaint which are not expressly admitted herein.

4

21. This Defendant denies that its representation of Plaintiff in the underlying lawsuit was negligent, and further denies that Plaintiff's claims in the underlying lawsuit were damaged or made less valuable due to any negligence or fault on the part of Defendant. Finally this Defendant denies that any loss in value of Plaintiff's claim was due to any act or omission on the part of this Defendant.

22. Defendant admits that had Plaintiff not made the decision to settle his case, he would have been far worse off. However, he would have been far worse off for reasons other than are alleged in Plaintiff's Second Amended Complaint..

23. This Defendant admits that the trial court in the underlying lawsuit granted the Archdiocese's motion for summary judgment on June 7, 2023 – one day after the settlement was reached during mediation. Defendant denies the summary judgment was granted "with prejudice," since the trial court, at the request of all parties to the underlying case – including Plaintiff personally – subsequently vacated its ruling on the summary judgment motion shortly after entering it. The case was subsequently voluntarily dismissed by Plaintiff as a condition of the settlement he reached with the Archdiocese of St. Louis.

24. Defendant admits that after the settlement was reached on June 6, 2023, counsel for neither party to the underlying lawsuit notified the trial court that the parties had reached a settlement of that lawsuit before the trial court handed down its ruling on the pending motion for summary judgment the very next day. This Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25. This Defendant admits that it had a duty to comply with the standard of care applicable to attorneys, and further admits that it did so in all respects in the underlying lawsuit.

5

This Defendant denies the remaining allegations in Paragraph 25 of Plaintiff's Second Amended Complaint not expressly admitted herein.

26. Defendant expressly denies each and every allegation contained in Paragraph 26 of Plaintiff's Second Amended Complaint, including all of the matters alleged in subparagraphs (a) through (k) thereof.

27. Defendant denies that there was any breach of duty by Defendant, that any such alleged breach of duty was the cause of Plaintiff's underlying lawsuit eventually being dismissed, that any such alleged breach of duty was the proximate cause of any damages to Plaintiff, and that Plaintiff would have received "significant" damages at trial. Plaintiff's underlying lawsuit was dismissed voluntarily by Plaintiff, pursuant to settlement terms Plaintiff agreed to, after he requested the trial court to vacate its order granting summary judgment so that the settlement could be consummated.

28. This Defendant denies the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint.

29. This Defendant denies the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint.

## COUNT II: LEGAL NEGLIGENCE

30. Defendant incorporates herein its answer to the matters set forth in Paragraphs 1 – 29, above, as if set out verbatim herein.

31. This Defendant admits, based upon information and belief, that Plaintiff spoke with Ken Chackes regarding a possible lawsuit against the Archdiocese of St. Louis, but cannot otherwise admit the details of the timing or content of those conversations.

32. This Defendant lacks sufficient information or knowledge concerning the matters alleged in Paragraph 32 of Plaintiff's Second Amended Complaint, and therefore denies the allegations in Paragraph 32.

33. This Defendant lacks sufficient information or knowledge concerning the matters set forth in Paragraph 33 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

34. This Defendant lacks sufficient information or knowledge concerning the matters set forth in Paragraph 34 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

35. The matters set forth in paragraph 35 of Plaintiff's Second Amended Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that this Defendant responds to the matters set forth in paragraph 35 of the Plaintiff's Second Amended Complaint, this Defendant lacks sufficient information or knowledge regarding the truth of the matters set forth in Paragraph 35 of Plaintiff's Second Amended Complaint, and therefore denies the those allegations.

36. The matters set forth in paragraph 36 of Plaintiff's Second Amended Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that this Defendant responds to the matters set forth in paragraph 36 of the Plaintiff's Second Amended Complaint, this Defendant lacks sufficient information or knowledge regarding the truth of the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

37. This defendant lacks sufficient information or knowledge concerning the matters set forth in Paragraph 37 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

38. The matters set forth in paragraph 38 of Plaintiff's Second Amended Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that this Defendant responds to the matters set forth in paragraph 38 of the Plaintiff's Second Amended Complaint, this Defendant expressly denies that it committed and legal negligence in the Underlying Case. This Defendant lacks sufficient information and belief regarding the truth of the remaining matters alleged in Paragraph 38 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

39. This Defendant expressly denies that Defendant Randles Mata, LLC, or its employee Rebecca Randles was Defendant Ken Chackes' partner or co-counsel in the Underlying Case. This Defendant lacks sufficient information or knowledge concerning the truth of the remaining matters set forth in Paragraph 39 of Plaintiff's Second Amended Complaint, and therefore denies those remaining allegations not expressly admitted herein, including all of the matters alleged in subparagraphs (a) through (c) thereof.

40. The matters set forth in paragraph 40 of Plaintiff's Second Amended Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that this Defendant responds to the matters set forth in paragraph 40 of the Plaintiff's Second Amended Complaint, this Defendant expressly denies that anyone is liable "through the acts and omissions of Randles Mata and Rebecca Randles" in this case. This Defendant lacks sufficient information or knowledge to form a belief regarding the remaining matter alleged in Paragraph 40 of Plaintiff's Second Amended Complaint, and therefore denies those remaining allegations.

41. The matters set forth in paragraph 41 of Plaintiff's Second Amended Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or

made. To the extent that the Court deems it necessary that this Defendant responds to the matters set forth in paragraph 41 of the Plaintiff's Second Amended Complaint, Defendant Randles Mata expressly denies that any claim against Randles Mata "accrued" at the time Plaintiff voluntarily settled his Underlying Lawsuit, or at any other time. This Defendant lacks sufficient information or knowledge regarding the truth of the remaining matters alleged in Paragraph 41 of Plaintiff's Second Amended Complaint and therefore denies those remaining allegations.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint concerning the payment of a referral fee in the Underlying Lawsuit. The remaining matters set forth in Paragraph 42 are merely legal conclusions, not warranting an answer by this Defendant.

43. Defendant denies all the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint.

44. This Defendant denies all the allegations set forth in Paragraph 44 of Plaintiff's Second Amended Petition.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46. This Defendant admits that it received a fee for its services in the underlying case after the Plaintiff received a $1 million settlement of that matter, in accordance with the contractual agreement between Plaintiff and Defendant Randles Mata, LLC, to which Plaintiff had voluntarily agreed before the commencement of the underlying lawsuit. This Defendant denies the allegation that "Defendants jointly took a fee."

47. This Defendant admits that Plaintiff "pleads" compensatory damages in Paragraph 47 of his Second Amended Complaint, but denies that there was any legal negligence committed in the Underlying Lawsuit or that Plaintiff in entitled to any damages, pleaded or otherwise.

**FURTHER ANSWER**

For its further Answer to the allegations in Plaintiff's Second Amended Complaint, Defendant Randles Mata, LLC, alleges and states as follows:

48. Plaintiff's Second Amended Complaint, and each count, paragraph and subpart thereto, fails to state a claim upon which relief can be granted against this defendant, and therefore Plaintiff's Second Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

49. Plaintiff's Second Amended Complaint, and each count, paragraph and subpart thereof, fails to state a claim for punitive damages, and likewise fails to plead facts which conform to the standard of proof necessary to entitle Plaintiff to an award of punitive damages in this case.

50. Defendant expressly denies each and every allegation in Plaintiff's Second Amended Complaint, which has not been expressly admitted in this Answer.

51. Any injuries or damages suffered by Plaintiff Jonathan Dean were directly and proximately caused by the conduct of Father Gary Wolken and the Archdiocese of St. Louis, but not by any negligence or fault on the part of this Defendant.

52. In the alternative, any injuries or damages suffered by Plaintiff Jonathan Dean were directly and proximately caused by the conduct of Fr. Gary Wolken and the Archdiocese of St. Louis, in conjunction with the conduct of other persons who had abused Plaintiff in the past.

53. To the extent Plaintiff has already obtained a recovery from the Archdiocese of St. Louis and/or Father Gary Wolken, Plaintiff is entitled to a reduction of any award of damages Plaintiff might obtain against this Defendant, in an amount equal to the stipulated amount of the settlement agreement between Plaintiff and the Archdiocese of St. Louis, or in an amount equal to the consideration paid by the Archdiocese of St. Louis and/or Father Gary Wolken to Plaintiff for such agreement, whichever is greater, pursuant to § 537.060 Mo. Rev. Stat.

54. Defendant reserves the right to assert any further defenses as may become apparent during the course of pre-trial discovery of this matter.

WHEREFORE, having fully answered the allegations of Plaintiff's Second Amended Complaint, Defendant prays that Plaintiff take nothing from it through this Second Amended Complaint, and that Defendant be discharged from this action, with prejudice, with an award of its court costs incurred herein and such other and further relief as the Court deems just and equitable.

Date: January 22, 2026                                          Respectfully Submitted,

 /s/ Timothy M. Aylward
Timothy M. Aylward                # MO30274
Abigail C. Breckenridge           # MO75492
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
E-mail: taylward@hab-law.com
E-mail: abreckenridge@hab-law.com
Direct Phone (TMA):    816-595-7702
Direct Phone (ACB):    816-595-7710
Facsimile: 816-421-0899

**ATTORNEYS FOR DEFENDANT RANDLES MATA, LLC**

11

Case 4:25-cv-00472-SRB    Document 44    Filed 01/22/26    Page 11 of 12

## CERTIFICATE OF SERVICE

      I hereby certify that on January 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

                                                */s/ Timothy M. Aylward*