JONATHAN P. DEAN,                          )
                                           )
    Plaintiff,                         )
                                           )
    v.                                 )     Case No. 25-cv-00472-SRG
                                           )
RANDLES MATA, LLC; KEN CHACKES,            )     Jury Trial Demanded
LLC; REBECCA RANDLES; and KEN              )
CHACKES,                                   )
                                           )
    Defendants.                        )
                                           )

## MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

### Introduction

Plaintiff Jonathan Dean has sued two law firms for legal malpractice arising from his botched lawsuit against a priest who abused him as a boy. Dean, who began the case pro se and secured counsel about two weeks ago, now seeks leave to file a third amended complaint. The amendment adds two defendants; one lawyer from each of the two law firm defendants. One law firm defendant consented to the amendment, the other did not. Hence this motion.

### Background

A priest sexually abused Jonathan Dean when Dean was a child. Dean, as an adult, filed a lawsuit against the priest and his employer. To get the lawsuit filed, Dean engaged Ken Chackes and his law firm, Ken Chackes, LLC. Chackes put Dean in touch with Rebecca Randles and her law firm, Randles Mata, LLC. The litigation did not go as Dean expected, hoped, or deserved. After it ended, Dean sued Randles Mata, LLC for legal malpractice. ECF No. 1.

Dean, himself a lawyer, filed the lawsuit pro se. *Id*. Randles Mata moved to dismiss. ECF No. 9. Dean, still pro se, defeated the motion. ECF No. 12. About a month later, Dean, again, still

1

pro se, moved for leave to amend his complaint. ECF No. 14. The next day, the Court granted the motion. ECF No. 15. The amended complaint added Ken Chackes, LLC as a defendant. ECF No. 16. Both the Chackes law firm and Randles Mata answered the amended complaint. ECF Nos. 21, 27.

The litigation proceeded. The Court held a scheduling conference. ECF No. 31. And it issued a scheduling order. ECF No. 32. Discovery began. Dean, still pro se, again moved to amend his complaint. ECF No. 38. He did so based on discussions with "Counsel for Ken Chackes LLC" related to "Chackes' role in the Underlying case … ." *Id*. ¶ 5. The new complaint supplemented the allegations on that score. The Court granted leave to amend the same day the motion was filed. ECF No. 39. And that amended complaint was also filed that same day, which was January 9, 2026.

Discovery continued. And the parties had an unsuccessful mediation around February. When the case failed to resolve, Dean then began looking for counsel. Loevy + Loevy appeared on Dean's behalf in the middle of May, about two weeks ago.

Dean's new lawyers wrote to defense counsel right away, and immediately raised amending the complaint again. Dean, now through counsel, explained that he wished to amend his complaint to add Rebecca Randles and Ken Chackes as individual defendants. The parties conferred, and Dean provided Defendants with a copy of the proposed, third amended complaint. The Chackes law firm consented to the filing. Randles Mata did not. So now Dean is moving for leave to file the amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure.

## Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure governs pretrial amendments to pleadings. Litigants can amend "once as a matter of course," Fed. R. Civ. P. 15(a)(1), but, when

2

that option is gone, "a party may amend only with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." "The Rule's 'purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (quoting 6 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1471, p. 587 (3d ed. 2010)).

Affording the required "maximum opportunity," means denying leave only in limited circumstances: "[A] court should deny a motion for leave to amend pleadings 'only in those limited circumstances in which undue delay, bad faith on the part of the moving [party], futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.'" *In re Smitty's/cam2 303 Tractor Hydraulic Fluid Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2023 WL 11986893, at *1 (W.D. Mo. Apr. 19, 2023) (quoting *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). None of those circumstances are present here.

**Argument**

The Court should grant Dean leave to file his proposed third amended complaint to name Ken Chackes and Rebecca Randles as individual defendants. None of the "limited circumstances" that preclude amendment are present here.

Dean—both pro se and now with counsel—has moved with good speed to prosecute this case. There has been no undue delay nor bad faith.

Nor is amendment futile. The substantive allegations in the last complaint were about the same legal malpractice committed by the same individuals. The last complaint just alleged vicarious liability against the individual lawyers' law firms rather than direct liability against the

3

individuals themselves. If the allegations were enough to justify an answer from the law firms, then the same allegations should work just fine against the individuals.

Prejudice, likewise, is absent. In the process of conferring, none was identified. And the Chackes law firm's consent to the amendment strongly suggests there is none.

### Conclusion

For all these reasons, Dean requests that the Court grant him leave to file his third amended complaint, which, per local rule 15.1(a)(2), is attached as an exhibit to this motion.

Dated: May 28, 2026

Respectfully submitted,

/s/ Thomas R. Kayes
Thomas R. Kayes*
Josh Loevy
LOEVY + LOEVY
311 North Aberdeen, Third Floor
Chicago, Illinois 60607
t. 312.243.5900
kayes@loevy.com

Attorneys for Plaintiff

*Admitted Pro Hac Vice

4